# EXHIBIT C

<u>**JOINT DECLARATION OF DAVID CETLINSKI AND RICHARD WHALEN IN SUPPORT OF THE MOTION OF DETROIT P&F AND LOCAL 464A FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**</u>

We, David Cetlinski and Richard Whalen, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.      We respectfully submit this Joint Declaration in support of the motion (the "Motion") of the Police & Fire Retirement System of the City of Detroit ("Detroit P&F") and the Trustees of the Local 464A United Food & Commercial Workers' Union Welfare Service Benefit Fund and the Trustees of the Welfare and Pension Funds of Local 464A – Pension Fund (collectively, "Local 464A") for consolidation of related actions (the "Related Actions"), appointment as Lead Plaintiff, and approval of Detroit P&F and Local 464A's selection of Bleichmar Fonti & Auld LLP ("BFA") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the proposed class in the securities class action litigation against ICON plc ("ICON" or the "Company") and certain of its executive officers (collectively, "Defendants").  We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") on the Lead Plaintiff, including the selection and retention of counsel, and overseeing the prosecution of the Related Actions.  We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are respectively associated.

2.      I, David Cetlinski, am the Executive Director of Detroit P&F, and I am authorized to make this declaration on behalf of Detroit P&F.  Detroit P&F is a public pension system that provides retirement and other benefits to firefighters and police officers in Detroit, Michigan.  Detroit P&F manages approximately $2.8 billion in assets for the benefit of over 11,000 active and retired members and beneficiaries.  As set forth in the Motion and supporting papers, Detroit P&F

1

suffered substantial losses as a result of its investments in ICON ordinary shares during the Class Period as a result of the violations of the federal securities laws alleged in the Related Actions.

3.     Detroit P&F is a sophisticated institutional investor that understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  Detroit P&F's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as a lead plaintiff in other securities class actions, including in partnership with other institutional investors.  Examples of Detroit P&F's experience include: *Sheth v. OM Group, Inc.*, No. 02-cv-02163 (N.D. Ohio) (served as lead plaintiff and recovered $92.4 million for investors); *In re Marvell Technology Group Ltd. Securities Litigation*, No. 06-cv-06286 (N.D. Cal.) (served as lead plaintiff, alongside two other institutions, and recovered $72 million for investors, with Kessler Topaz as co-lead counsel); *Juenger v. King Pharmaceuticals, Inc.*, No. 03-cv-00077 (E.D. Tenn.) (served as lead plaintiff, alongside two other institutions, and recovered $38.25 million for investors); *Police and Fire Retirement System of the City of Detroit v. SafeNet, Inc.*, No. 06-cv-05797 (S.D.N.Y.) (served as lead plaintiff, alongside two other institutions, and recovered $25 million for investors); and *In re ASML Holding N.V. Securities Litigation*, No. 24-cv-08664 (S.D.N.Y.) (appointed as lead plaintiff with a group including four other pension funds, with Kessler Topaz as co-lead counsel).  Detroit P&F also has significant experience overseeing counsel outside of the PSLRA context, having recently secured the largest shareholder derivative settlement in the history of the Delaware Court of Chancery in *The Police and Fire Retirement System of the City of Detroit v. Elon Musk, et al.*, No. 2020-0477 (Del. Ch. 2020) (resolution valued at $919 million with BFA as co-lead counsel).

4.     I, Richard Whalen, as Secretary-Treasurer of the Local 464A United Food & Commercial Workers' Union Welfare Service Benefit Fund and the Welfare and Pension Funds

2

of Local 464A – Pension Fund, am authorized to make this declaration on behalf of Local 464A. Based in Little Falls, New Jersey, Local 464A has in excess of $1.3 billion in assets and provides welfare and pension benefits to 20,000 service workers in the food and related industries across New Jersey, New York, and Pennsylvania.  As set forth in the Motion and supporting papers, Local 464A suffered substantial losses as a result of its investments in ICON ordinary shares during the Class Period as a result of the violations of the federal securities laws alleged in the Related Actions.

5.      Local 464A is a sophisticated institutional investor that understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  Local 464A's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as a lead plaintiff and otherwise serving as a representative party in other securities class actions, which most recently includes: *Trustees of the Welfare & Pension Funds of Local 464A – Pension Fund, et al. v. Medtronic plc, et al.*, No. 22-cv-02197 (D. Minn.) (the Trustees of the Local 464A United Food & Commercial Workers' Union Welfare Service Benefit Fund and the Trustees of the Welfare and Pension Funds of Local 464A – Pension Fund filed the initial complaint but were not appointed as lead plaintiff); and *Trustees of the Welfare & Pension Funds of Local 464A – Pension Fund v. Enphase Energy, Inc.*, No. 24-cv-09038 (N.D. Cal.) (the Trustees of the Welfare and Pension Funds of Local 464A – Pension Fund filed the initial complaint).

6.      Detroit P&F and Local 464A are strongly motivated to recover the significant losses that they and the class suffered as a result of Defendants' violations of the federal securities laws.  Detroit P&F and Local 464A's principal goal in seeking to serve as Lead Plaintiff in the Related Actions is to achieve the best possible recovery for the class from all culpable parties. Detroit P&F and Local 464A believe it is important that the prosecution of this litigation be

3

entrusted to sophisticated institutional investors with a substantial financial interest in the claims against Defendants and that are committed to ensuring that this matter is litigated as zealously and efficiently as possible in accordance with the Lead Plaintiff's duties under the PSLRA.

7. Accordingly, Detroit P&F and Local 464A reaffirm their commitment to satisfying the fiduciary obligations that they will assume if appointed as Lead Plaintiff, including conferring with each other and with counsel regarding the litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, Detroit P&F and Local 464A will ensure that the Related Actions will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class, and will seek to obtain the greatest possible recovery for the class.

8. Detroit P&F and Local 464A are familiar with the facts and circumstances regarding the Related Actions, which ultimately led to their partnership. On April 2, 2025, after working with its counsel, BFA, to investigate the claims against ICON, Detroit P&F filed an additional complaint against Defendants expanding the class period of the Related Actions in order to better protect the claims of injured investors. During the process of investigating the claims and filing its complaint, Detroit P&F expressed an interest in working together with other like-minded institutional investors to lead this matter. Likewise, during Local 464A's investigation into the claims with its counsel, Kessler Topaz, which included an assessment of Detroit P&F's complaint, Local 464A expressed an interest in working together with other experienced institutional investors like Detroit P&F to serve as Lead Plaintiff in this case.

9. After analyzing the merits of the claims against Defendants and their respective losses incurred as a result of Defendants' alleged misconduct, and after consulting with their

4

respective counsel, Detroit P&F and Local 464A each independently determined that serving as Lead Plaintiff together would allow them to maximize the recovery for all class members, and approved the filing of their joint motion. Detroit P&F and Local 464A are confident that their partnership, which would allow them to share their experiences, perspectives, and resources when leading this litigation, would add substantial value to the prosecution of the Related Actions and benefit the class. Detroit P&F and Local 464A intend to prosecute the Related Actions in such a collaborative manner.

10. Detroit P&F and Local 464A understand that the PSLRA and courts throughout the United States have endorsed the appointment of small groups of institutional investors to serve as lead plaintiff when the group is able to establish that its members are able to oversee the litigation and their proposed lead counsel in an independent manner. Detroit P&F and Local 464A intend to prosecute this litigation in such an independent and vigorous manner.

11. Prior to seeking appointment as Lead Plaintiff, representatives of Detroit P&F and Local 464A convened a conference call to discuss the leadership of this litigation and their commitment to jointly prosecute this important matter. This call included discussion of, among other things: the facts and merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; the shared desire to achieve the best possible result for the class; the shared interest in serving jointly as Lead Plaintiff in this case; and the benefits the class would receive from our joint leadership of the case. Detroit P&F and Local 464A further discussed their commitment to take an active role in supervising the prosecution of the Related Actions. Detroit P&F and Local 464A believe that, by working together, they will ensure that the class's claims are efficiently and zealously prosecuted through their oversight of proposed Lead Counsel, BFA and Kessler Topaz.

12.     Detroit P&F and Local 464A further agree that their collective resources and their ability to engage in joint decision-making, as well as their prior experience and commitment to prosecuting securities class actions, will materially benefit and advance the interests of the class in this litigation.  Through their discussions, Detroit P&F and Local 464A determined that they are like-minded, sophisticated institutional investors with a substantial financial stake in this litigation, share a commitment to maximizing investors' recovery, and that their joint leadership will advance the putative class's interests in this case.

13.     Moreover, Detroit P&F and Local 464A are highly motivated to recover their respective substantial losses and intend to share their perspectives, experiences, and resources to direct this litigation.  To this end, Detroit P&F and Local 464A have discussed the importance of joint decision-making, open communication, and the ability to confer, with or without counsel, via telephone and emails on short notice to ensure that they are able to make timely decisions.  Among other things, Detroit P&F and Local 464A are available to confer via telephone and email to ensure that they are able to act in a timely manner.  Given their common goals and incentives to maximize the class's recovery in this case, Detroit P&F and Local 464A do not envision having any disputes relating to their oversight of the related actions.  However, in the unlikely event that any such disputes arise, Detroit P&F and Local 464A plan to engage in thorough discussion with each other and their counsel to come to a resolution.

14.     In addition to discussing their goals for the litigation, Detroit P&F and Local 464A recognize the importance of selecting qualified counsel to prosecute the litigation, and that counsel does so in a cost-effective manner.  Detroit P&F and Local 464A believe that the class will benefit from having two law firms experienced in litigating securities class actions and successfully serving as Lead Counsel.  Detroit P&F and Local 464A are aware of and have been informed of

6

the experience, resources, and successes of their proposed Lead Counsel, BFA and Kessler Topaz, and are aware that BFA and Kessler Topaz are accomplished law firms with established histories of achieving significant recoveries in actions they have prosecuted. Through their oversight of their proposed counsel, Detroit P&F and Local 464A are confident that BFA and Kessler Topaz will prosecute this litigation in a zealous and efficient manner.

15. In addition, we understand the Lead Plaintiff's responsibility to ensure that any request for attorneys' fees sought by counsel is appropriate. Detroit P&F and Local 464A take this obligation seriously, and will ensure that any fee request at the end of the litigation is reasonable and properly aligns the interests of counsel with those of the class. Detroit P&F and Local 464A also understand that the attorneys' fees awarded to counsel in this case, if any, will be set by the Court. Ultimately, Detroit P&F and Local 464A believe the experience and success of BFA and Kessler Topaz in prosecuting securities class actions, combined with their oversight of BFA and Kessler Topaz, will ensure that the class receives the best possible representation in this case.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to the Police & Fire Retirement System of the City of Detroit are true to the best of my knowledge.

Executed this __9th__ day of April 2025.

By: _____
David Cetlinski
*Executive Director*
*Police & Fire Retirement System of the City*
*of Detroit*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to the Local 464A United Food & Commercial Workers' Union Welfare Service Benefit Fund and the Welfare and Pension Funds of Local 464A – Pension Fund are true to the best of my knowledge.

Executed this __10__ day of April 2025.

By:    _____
       Richard Whalen, *Secretary-Treasurer*

       **Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of the Local 464A United Food & Commercial Workers' Union Welfare Service Benefit Fund**