**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| CHAN KWOK SHING, Individually and on Behalf of All Others Similarly Situated, | : : : | Case No. 2:25-cv-763-HG |
| Plaintiff, | : : | |
| vs. | : : | CLASS ACTION |
| ICON PLC, STEPHEN CUTLER, and BRENDAN BRENNAN, | : : : | |
| Defendants. | : : : | |
| POLICE AND FIRE RETIREMENT, SYSTEM OF THE CITY OF DETROIT, Individually and on Behalf of All Others Similarly Situated, | : : : : | Case No. 2:25-cv-1807-HG |
| Plaintiff, | : : | |
| v. | : : | CLASS ACTION |
| ICON PLC, STEPHEN CUTLER, and BRENDAN BRENNAN, | : : : | |
| Defendants. | : : : | |

**PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................1

ARGUMENT ..........................................................................................................................3

    A.  MPERS Meets the Call of Congress for Participation of Institutional Investors ................3

    B.  MPERS Possesses the Largest Financial Interest in the Relief Sought by the Class and Is Presumptively the Most Adequate Movant....................................................................3

    C.  MPERS Meets the Required *Prima Facie* Showing of Adequacy and Typicality under Rule 23 ................................................................................................................................6

CONCLUSION.........................................................................................................................7

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal.1999) ...................................................................................6

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) .........................................................................................3

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................................3, 6

*In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20 CIV. 4420 (PAE),
  2020 WL 5548856 (S.D.N.Y. Sept. 16, 2020) ......................................................................6

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .....................................................................................4

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015) ..................................................................................5

*Somogyi v. Organogenesis Holdings Inc.*,
  623 F. Supp. 3d 24 (E.D.N.Y. 2022) ...................................................................................6

*Tan v. NIO Inc.*, No. 19-cv-1424 (NGG) (VMS),
  2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ......................................................................5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................1

15 U.S.C. § 78u-(a)(3)(B)(iii) ...............................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb) ......................................................................................2

**Rules**

Rule 23 ..............................................................................................................................1, 3, 6

The Public Employees Retirement System of Mississippi ("MPERS") respectfully submits this memorandum of law in opposition to the competing motions for appointment of lead plaintiff and approval of selection of lead counsel.

## I.    PRELIMINARY STATEMENT

On April 11, 2025, three motions were filed in this Action involving ICON Public Limited Company ("ICON plc" or "ICON") seeking appointment of lead plaintiff and approval of lead counsel.[1]  Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), this Court is required to appoint as lead plaintiff the movant that is "most capable of adequately representing the interest" of Class members.  15 U.S.C. § 78u-4(a)(3)(B).  To that end, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has the "largest financial interest in the relief sought by the Class" and "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-(a)(3)(B)(iii).

MPERS is a sophisticated institutional investor whose appointment as lead plaintiff would be consistent with the PSLRA's preference for the appointment of institutional investors, and public pension funds in particular, as class representatives in securities class actions.  MPERS provides retirement benefits for all state and public employees of the state of Mississippi, and manages long term investments valued in excess of $34 billion.  As reflected in its certification, MPERS purchased a significant amount of ICON plc common stock that trades under the symbol "ICLR" on the NASDAQ exchange and incurred a substantial loss as a result of the violations of the federal securities laws alleged in the Action.  *See* ECF No. 21-1.

---

[1]  MPERS's motion also included a request for the consolidation of the two related cases filed against ICON, *Shing v. ICON plc*, No. 25-cv-00763, and *Police and Fire Retirement System of the City of Detroit v. ICON plc*, No. 25-cv-01807.  MPERS was the only movant that filed motions in both of the cases.

MPERS is the presumptive lead plaintiff as it has suffered the largest financial loss of any other individual movant due to the alleged fraud. When calculated on a last-in-first-out ("LIFO") or first-in-first-out ("FIFO") basis, MPERS incurred losses of $1,970,834. Competing movants, Trustees of the Local 464A United Food & Commercial Workers' Union Welfare Service Benefit ("Local 464A Food") and Trustees of the Welfare and Pension Funds of Local 464A ("Local 464A Welfare") (collectively "Local 464A funds"), and Police and Fire Ret. Sys. of the City of Detroit ("Detroit P&F") (collectively the "Competing Movants Group") have suffered respective losses of $514,363, $841,190, and $931,667. Separately, competing movant Roofers Local No. 149 Pension Fund ("Roofers Fund") asserts a loss of $179,000.[2] Thus, MPERS's loss is ***more than twice as much*** as the loss of any of the other individual movants.

MPERS's greater financial interest in the relief sought in this Action is also shown through a comparison of the so-called *Lax-Olsten* factors, which are also generally considered by courts in comparing competing lead plaintiff motions. During the class period alleged in the complaint filed on April 8, 2025 by movant Detroit P&F, the longer of the class periods asserted in the two complaints against ICON, MPERS purchased a total of 30,000 shares while selling only 5,400 of those shares, meaning that MPERS was a net purchaser of 24,600 shares. MPERS's net investment in ICON stock in buying those shares was $6,631,208. ***As shown below, each of these figures – for total shares purchased, net shares purchased, and net investment – are higher than each of the competing movants, whether considered individually or as a group***. Based on these comparisons, MPERS asserts that it has the largest financial interest in the outcome of this litigation and, therefore, is presumptively entitled to appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).

---

[2] On May 12, 2025, Roofers Fund withdrew its motion. ECF 31.

Beyond having the largest financial interest in the relief sought in the Action, MPERS also meets the applicable requirements of Rule 23 because its claims are typical of absent Class members and because it will fairly and adequately represent the interests of the Class. On that basis, MPERS respectfully requests appointment as lead plaintiff for the putative Class, and the approval of its selection of Barrack, Rodos & Bacine as lead counsel.

## II.    ARGUMENT

### A.    MPERS Meets the Call of Congress for Participation of Institutional Investors

MPERS is a sophisticated public pension investor with the largest individual loss in this Action. As such, its appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995) ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Courts within the Second Circuit have consistently recognized the appropriateness of appointing institutional investors, such as MPERS, that demonstrate an ability and willingness to represent the interests of the class. *In re Gentiva Sec. Litig*., 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (Spatt, J.).

### B.    MPERS Possesses the Largest Financial Interest in the Relief Sought by the Class and Is Presumptively the Most Adequate Movant

The PSLRA is silent on how to assess the financial interests of competing movants, and the Second Circuit has not definitively ruled on the proper method of determining which investor has the largest financial interest. *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc*., 269 F.R.D. 291, 293 (S.D.N.Y. 2010). Nevertheless, in the Second Circuit, courts typically consider four factors, often referred to as the *Lax-Olsten* factors, in calculating a movant's financial

3

interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)).

Concerning the first *Lax-Olsten* factor, MPERS made the largest investment in this case compared to all other movants, including the next largest movant. MPERS purchased 30,000 shares, compared to Detroit F&P's 11,168 shares, Local 464A Food's 4,236 shares, and Local 464A Welfare's 6,629 shares. Regarding the second *Lax-Olsten* factor, the number of net shares purchased, MPERS again beats all competing movants, with MPERS retaining 24,600 shares and Detroit F&P retaining 7,862 shares. Each of the Local 464A funds sold out their positions during the class period, resulting in them each having zero (0) net shares purchased. With regard to the third *Lax-Olsten* factor, MPERS's investment was the largest compared to all competing movants, with an investment of $7,914,858, compared to Detroit F&P's $3,176,223 investment, Local 464A Food's $1,301,968 investment, and Local 464A Welfare's $2,073,729 investment. **Thus, for the first three *Lax-Olsten* factors, MPERS beats all of the competing movants (even combining the Detroit F&P and Local 464A funds numbers for each factor).**

Finally, regarding the fourth *Lax-Olsten* factor, MPERS had the largest individual loss of $1,970,834 compared to the losses of Detroit F&P ($931,667), Local 464A Food ($514,363), and Local 464A Welfare ($841,190). The following Table A sets forth the financial interest metrics of MPERS compared to the Competing Movant Group.

4

| Table A: *Lax-Olsten* Factor Summary | | | | | |
|---|---|---|---|---|---|
| | MPERS | Detroit F&P | Local 464A Food | Local 464A Welfare | Detroit F&P and Local 464A (Total) |
| **Shares Purchased** | 30,000 | 11,168 | 4,236 | 6,629 | 22,033 |
| Shares Sold | 5,400 | 3,306 | 4,236 | 6,629 | 14,171 |
| **Net Shares Purchased** | 24,600 | 7,862 | 0 | 0 | 7,862 |
| Investment | $7,914,858 | $3,176,223 | $1,301,968 | $2,073,729 | $6,551,920 |
| Sales Proceeds | $1,283,650 | $786,217 | $787,605 | $1,232,539 | $2,806,361 |
| **Net Investment** | $6,631,208 | $2,390,006 | $514,363 | $841,190 | $3,745,559 |
| **LIFO Total Loss** | $1,970,834 | $931,667 | $514,363 | $841,190 | $2,287,219 |

MPERS recognizes that courts have appointed several entities that filed a joint motion to the position of lead plaintiff, including cases in which MPERS participated as part of a group, and that the PSLRA "permits multiple putative class members to be appointed as lead plaintiff." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 532 (S.D.N.Y. 2015) (citing 15 U.S.C. § 78u–4(a)(3)(B)(i)). But in the present action, as shown above, MPERS has a larger financial interest when judged by each of the first three *Lax-Olsten* factors, whether considered individually or collectively for the entities within the Competing Movants Group, and it also suffered a far larger loss than each member of the Competing Movants Group.

Given these facts and based on the merits of the moving papers, this Court should conclude that MPERS – the fund with the largest financial interest of any individual movant *by far* – is presumptively the most adequate to serve the interests of the PSLRA and the proposed Class as lead plaintiff in this Action. *See, e.g., Tan v. NIO Inc.*, No. 19-cv-1424 (NGG) (VMS), 2020 WL 1031489, at *3–5 (E.D.N.Y. Mar. 3, 2020) (Garaufis, J.) (appointing individual movant with largest

5

loss); *In re Gentiva Sec. Litig.*, 281 F.R.D. at 119; *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1154 (N.D. Cal.1999).

> **C.     MPERS Meets the Required *Prima Facie* Showing of Adequacy and Typicality under Rule 23**

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, a court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the "typicality" and "adequacy" requirements of Rule 23 is sufficient. *Somogyi v. Organogenesis Holdings Inc.*, 623 F. Supp. 3d 24, 31 (E.D.N.Y. 2022) (noting a requirement of "only ... a preliminary showing of typicality and adequacy at this stage of the litigation"). "Lead plaintiffs' claims are typical where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20 CIV. 4420 (PAE), 2020 WL 5548856, at *5 (S.D.N.Y. Sept. 16, 2020). "The adequacy requirement is satisfied where '(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the [proposed lead plaintiff] and class [have] a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Somogyi*, 623 F. Supp.3d 24, 31 (E.D.N.Y. 2022).

MPERS is a public pension fund and the prototypical institutional lead plaintiff and investor. MPERS easily satisfies the *prima facie* showing of typicality and adequacy necessary to be appointed to serve as the lead plaintiff in this action. MPERS invested over $7.9 million in ICON stock and retained a majority of its shares during the Class Period, incurring a $1.79 million loss under the federal securities laws.[3] MPERS, like all proposed class members, is suing to

---

[3] In contrast, while Detroit F&P also retained some of its shares through the corrective disclosure ending the asserted class period, the Local 464A funds both sold out entirely on November 18,

recover for the losses incurred on its invested funds as a result of the Defendants' alleged fraud. As MPERS's interests are totally aligned with the putative Class as a whole, MPERS should be appointed lead plaintiff.

Finally, MPERS has an impressive track record of serving as a court-appointed lead or co-lead plaintiff in PSLRA cases, including in cases involving Merck ($1.062 billion recovered), Wells Fargo ($1 billion recovered), Bear Stearns Mortgage Pass-Through Certificates ($500 million recovered), Schering-Plough ($473 million recovered), and The Mills Corporation ($202.75 million recovered).

## III.   CONCLUSION

For the foregoing reasons, and those stated in MPERS's opening motion and brief, MPERS respectfully requests that it be appointed to serve as lead plaintiff, that its selection of Barrack, Rodos & Bacine as lead counsel be approved, and that the competing lead plaintiff motions be denied.

Dated:  New York, New York
May 12, 2025

Respectfully submitted,

**BARRACK, RODOS & BACINE**


BY:   /s/ *Michael Toomey*
Michael A. Toomey
11 Times Square
640 Eighth Avenue, 10th Floor
New York, NY 10036
Telephone:  (212) 688-0782
Facsimile:  (212) 688-0783

and

**BARRACK, RODOS & BACINE**

---

2024, which occurred after the initial corrective disclosure pleaded in the case, but before the last corrective disclosure.

Jeffrey A. Barrack
Danielle M. Weiss
Andrew J. Heo
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone:  (215) 963-0600
Facsimile:  (215) 963-0838

*Attorneys for Public Employees'
Retirement System of Mississippi and
Proposed Lead Counsel for the Class*

8